William SANTIAGO MISME CHAMBI, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74237, A77–850–415.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.[*]

Decided June 18, 2004.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Suzanne B. Friedman, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Linda S. Wernery, Esq., Ana M. Kocur, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL, LEAVY and FISHER, Circuit Judges.

## MEMORANDUM **

William Santiago Misme Chambi, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because Misme Chambi's testimony was both internally inconsistent and inconsistent with his asylum application and supporting documentation. Since these factual discrepancies went to the heart of his asylum claim, substantial evidence supports the denial of asylum. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Substantial evidence also supports the IJ's conclusion that, even assuming that Misme Chambi was credible, he still failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Misme Chambi failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Substantial evidence also supports the IJ's conclusion that Misme Chambi is not entitled to relief under the Convention because he failed to demonstrate that it is

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

more likely than not that he will be tortured if returned to Peru. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Misme Chambi's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc*, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.